IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

PAUL D. MODESITT,                    )
                                     )
           Plaintiff,                )
                                     )
v.                                   )   Case No. 06-4054-FP-C-RED
                                     )
JO ANNE B. BARNHART,                 )
Commissioner of Social Security,     )
                                     )
           Defendant.                )

## ORDER

Plaintiff Paul D. Modesitt ("Modesitt") seeks judicial review of the Commissioner's denial of his request for disability benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, as amended. Plaintiff has exhausted all of his administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

### I. Background

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

### II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands

of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

The ALJ concluded that Modesitt did not have a severe impairment at the second step of the process. Modesitt argues that this conclusion is not supported by substantial evidence on the record as a whole. At the hearing, Modesitt had the burden to establish a severe impairment by medically acceptable diagnostic techniques, and he was required to establish his impairment with "medical evidence consisting of signs, symptoms, and laboratory findings, not only by [his] statement of symptoms." 20 C.F.R. § 416.908.

Modesitt first claims that the ALJ incorrectly discredited Dr. Brenner's opinions about Modesitt's mental impairments and limitations. The ALJ was not bound by Dr. Brenner's opinions because Modesitt only visited Dr. Brenner on one occasion, and even then only at counsel's request. Other doctors that saw Modesitt prior to Dr. Brenner opined that Modesitt had normal intellect, a preserved memory, the ability to follow directions, unimpaired concentration, and only mild symptoms. Unlike Dr. Brenner, these doctors determined that Modesitt was merely a malingerer.

-3-

Dr. Brenner's opinions are also inconsistent with her own observations.  Dr. Brenner noted that Modesitt had intact social skills, unremarkable behavior, intact judgment, average intellect, unimpaired memory, and a good ability to concentrate.  Modesitt's personalty test administered by Dr. Brenner came back with an invalid and inconclusive result.  Dr. Brenner's opinion that Modesitt's mental impairment markedly limits his functioning is inconsistent with her observations and diagnostic test results.  The ALJ properly discredited Dr. Brenner's opinion.

Modesitt also claims that the ALJ incorrectly discredited Modesitt's subjective complaints. The ALJ may discount a claimant's subjective complaints where there are "inconsistencies in the evidence as a whole."  *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996).  Modesitt complained of head injuries, back problems, asthma, and mental impairments, but he failed to introduce any medical evidence of symptoms related to his alleged head injuries or back problems.  The medical record also failed to associate any ongoing symptoms or limitations resulting from Modesitt's asthma, and the ALJ noted that Modesitt's asthma has not prevented him from smoking cigarettes or working in the past.  Dr. Brenner's opinion is the only medical evidence supporting Modesitt's claims of mental impairment, and the ALJ properly discredited Dr. Brenner's opinion.  The ALJ also noted that Modesitt has not sought regular treatment for asthma or mental problems and Modesitt has a documented history of lying about his symptoms.  The ALJ noted that Modesitt had a large incentive to lie because he exhibited intense disdain for the work accomplished by the Division of Family Services, and a determination of disability would relieve him of his child support obligations. The ALJ properly discredited Modesitt's subjective complaints because they are inconsistent with the evidence as a whole.

Modesitt failed to introduce credible medical evidence establishing a severe impairment.

Accordingly, the ALJ correctly concluded that Modesitt did not have a severe impairment.

## IV. Conclusion

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby

ORDERED that the decision of the ALJ is AFFIRMED.

**IT IS SO ORDERED**.

DATE:     January 24, 2007         */s/ Richard E. Dorr*
                                                RICHARD E. DORR, JUDGE
                                                UNITED STATES DISTRICT COURT

1.